The Honorable Brian D. Lynch
Chapter 7
Hearing Location: Tacoma Federal Courthouse
Union Station, Courtroom I, 1717 Pacific
Avenue, Ste 2100, Tacoma, WA 98402-3233
Hearing Date: November 20, 2019
Hearing Time: 9:00 a.m.
Response Date: November 13, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Ericka Anne Michal<br><br>    Debtor | Case No.: 19-42329-BDL<br><br>Chapter   7<br><br>MOTION FOR RELIEF FROM STAY AND MEMORANDUM IN SUPPORT THEREOF |

COMES NOW, JPMorgan Chase Bank, National Association ("Creditor") and moves the Court pursuant to 11 USC §362(d) for an Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this motion and memorandum.

**I. RELEVANT FACTS**

**A. The Property**

On or about October 13, 1998, Ericka A Michal executed a note in favor of Washington Mutual Bank, a Washington Corporation in the original principal amount of $113,044.00 ("Note"). The debt described by the Note is secured by a deed of trust ("Deed of Trust") properly recorded and creating a lien against property commonly described as 1627 6th Ave SW, Puyallup, WA 98371 (the "Property").

Motion for Relief - 1
MH# WA-19-157172

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42329-BDL    Doc 34    Filed 10/25/19    Ent. 10/25/19 16:21:56    Pg. 1 of 5

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Subsequent to the execution of the Note and Deed of Trust, Debtors have filed for protection under Chapter 7 of Title 11 of the United States Code.

Prior to the filing, Creditor had initiated foreclosure proceedings and set a final foreclosure sale for April 26, 2019. That sale date is now expired and a new date will have to be set upon termination of the stay.

**B. The Debt**

As of September 1, 2019, Debtor is due for the December 1, 2012 payment. The approximate amount owed under the terms of the Note is $219,166.19. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Creditor.

**C. The Value of the Property**

A 2019 Appraisal Reported value of the Property was $285,000.00. Debtor has valued the Property higher in the filed schedules.

Motion for Relief - 2
MH# WA-19-157172

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42329-BDL    Doc 34    Filed 10/25/19    Ent. 10/25/19 16:21:56    Pg. 2 of 5

## II. ARGUMENT AND AUTHORITY

### A. Standing

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case at bar, the declaration and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the present motion.

### B. Basis for Relief from Stay

Under 11 U.S.C. 362(d)(1), the automatic stay may be terminated for cause. In the case at bar, the Debtor has failed to make payments as due dating back many years and has previously filed for protection under the bankruptcy code only to have the case dismissed for failure to file information. The Debtor has also failed to make payments post-petition and failed to timely file required schedules in the present case. To the extent that the trustee will liquidate the Property for the benefit of the estate, Creditor will cooperate with those efforts. Absent that liquidation, the stay should be terminated for the cause stated.

//
//
//
//
//
//
//
//
//
//
//
//

Motion for Relief - 3
MH# WA-19-157172

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42329-BDL    Doc 34    Filed 10/25/19    Ent. 10/25/19 16:21:56    Pg. 3 of 5

## III. RELIEF REQUESTED

For the reasons stated above, Creditor moves the Court for an Order terminating the pending automatic stay to allow Creditor to send to any party or parties protected by the automatic stay any and all notices required by applicable state and/or federal law or regulation. Creditor further moves the Court to terminate the automatic stay to allow Creditor to take such actions with respect to the Property as are provided for under applicable non- bankruptcy law, including but not limited to, informing Debtor(s) of any loan modification, short sale, or other loss mitigation options and for any other relief the Court deems appropriate.

Dated: October 25, 2019                    McCarthy & Holthus, LLP

/s/ Lance E. Olsen
Lance E. Olsen, Esq. WSBA 25130
Michael S. Scott, Esq. WSBA 28501
Attorney for Movant

Motion for Relief - 4
MH# WA-19-157172

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42329-BDL    Doc 34    Filed 10/25/19    Ent. 10/25/19 16:21:56    Pg. 4 of 5

## CERTIFICATE OF SERVICE

On 10/25/2019, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by electronic means through the Court's ECF program:

**TRUSTEE**
Brian Budsberg
trustee@budsberg.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Salvador Arroyo
Salvador Arroyo

On 10/25/2019, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Ericka Anne Michal, 1627 6th Ave SW, Puyallup, WA 98371

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Certificate of Service - 5
MH#WA-19-157172

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-42329-BDL    Doc 34    Filed 10/25/19    Ent. 10/25/19 16:21:56    Pg. 5 of 5